"Shall any person be authorized to traffic in liquors under subdivision 1 of section 11 of the liquor tax law, but only in connection with the business of keeping a hotel? * * *"

It is clear that after the hotel burned, and was not rebuilt, the selling of liquor in this café could not be "in connection with the business of keeping a hotel." The defendant might have surrendered his license and have procured the proper rebate; but he could not continue selling liquor except in connection with the business of keeping a hotel.

The judgment of conviction was right, and should be affirmed.

Judgment of conviction affirmed. All concur.

<hr>

ROUNDS v. SYRACUSE & S. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

STREET RAILROADS (§ 117*)—PERSONAL INJURIES IN COLLISION—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE AS QUESTIONS FOR JURY.

In an action against a street railroad company for personal injuries from a collision with a car, evidence as to negligence and contributory negligence held to present questions for the jury.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

McLennan, P. J., and Robson, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Royal D. Rounds against the Syracuse & Suburban Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Joseph B. Murphy, for appellant.
Charles E. Spencer, for respondent.

KRUSE, J. The plaintiff seeks to recover for personal injuries received in a collision with defendant's trolley car, contending that the defendant was negligent in operating the car and that he himself was free from fault. The accident occurred about a mile east of the city of Syracuse, on the Genesee street road. The track upon which the collision occurred runs along the north side of the road. The plaintiff was driving a baker's wagon. He had delivered some goods at a private residence, situate on the north side of the road, and was driving out of a private driveway, and while crossing the track was run into by an east-bound car and injured. At the close of the plaintiff's case, the plaintiff was nonsuited upon the ground that the defendant's negligence was not shown, and also that the evidence failed to show want of contributory negligence upon the part of the plaintiff. The exception of the plaintiff to that disposition of the case presents the only question for review here.

We think the case should have been submitted to the jury. The evidence tends to show that the car approached the place where the

driveway intersects the railroad, going at the rate of 50 miles an hour, without giving any warning of its approach. On the west side of the driveway, the view of an approaching east-bound car is obstructed by shrubbery and trees. The plaintiff drove to within 6 or 8 feet of the railroad track and stopped. He looked to the west (from which direction the car came), and listened; but he did not see or hear the car. He could see about 50 feet up the track to the west. He was just beyond a tree, which was 10 feet from the rail of the track nearest to him, so that his horses' heads were close to the track, and so much nearer the track that I think the inference is permissible that the motorman could have seen the horses in time to have had the car under control as he approached the place of collision, since the track to the west is practically straight for 300 to 500 yards, although the plaintiff, seated in the front part of the wagon, could see only about 50 feet to the west, as before stated, because of the trees and shrubbery. There were two cars going in the same direction. The first car was going at the rate of about 25 miles an hour, and was followed by another going at the rate of about 50 miles an hour. The plaintiff was struck by the second car. He testified that he brought his horses to a standstill just back of the north track, just as the first car went by; that he started to cross, pulled up, and looked to see if he could see a car; that the horses' heads were then going across the track, and had not quite gone over the first rail, just about ready to step on the rail; and just as they were reaching to cross the south rail, the car struck the wagon.

The defendant was required to use reasonable care in operating its cars along the highway, and whether it did so in approaching the private crossing at so great a rate of speed, without warning, was, we think, under the circumstances a question of fact. Nor do we think the plaintiff guilty of contributory negligence as a matter of law. That question, as well as whether the defendant was negligent, was for the jury.

The judgment entered upon the nonsuit should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.